UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

HERMAN LAMOIT POUNDS,

          Plaintiff,

    v.

STATE OF MICHIGAN, et al.,

          Defendant.

_____/

Case No. 1:25-cv-01645

Hon.  Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

*Pro se* Plaintiff Herman Lamoit Pounds filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against the following seven Defendants:  the State of Michigan, Michigan Governor Whitmer, Michigan Attorney General Nessel, Michigan Secretary of State Benson, Michigan State Police Colonel Grady II, Kalamazoo Department of Public Safety Chief Boysen, and the Life EMS Ambulance CEO/registered agent. ECF No. 1.

This Court granted Pounds's request to proceed *in forma pauperis*.  ECF No. 14.

Pounds alleges that Defendants violated his rights under the Second, Fourth, and Fourteenth Amendment. *Id.*, PageID.2.  Specifically, Pounds says that on August 29, 2025, he was a victim of a physical assault inside the Michigan Secretary of State branch office in Kalamazoo, Michigan.  *Id.*, PageID.3.  He says he was treated as a suspect, rather than the victim.  *Id.*  Kalamazoo Police officers allegedly attempted

1

to search him in the back of the ambulance, and Life EMS Ambulance staff allegedly refused medical care due to safety reasons.  *Id.*

Pounds says that he served "FOIA requests and Litigation Hold Notices" on all Defendants but received no response, in violation of Mich. Comp. Laws § 15.235(3). *Id.* He claims that evidence has been withheld from him and only Life EMS Ambulance provided him with a response.  *Id.*, PageID.4.

Further, Pounds alleges that he was denied the ability to lawfully purchase a firearm after failing a background check.  *Id.*  He says that the gun dealer failed to provide reasons in writing or any explanation for the denial.  *Id.*, PageID.5.

Pounds alleges that Defendants violated his due process rights by withholding evidence and failing to respond to his FOIA request.  He alleges that unnamed officers working for the Kalamazoo Police Department conducted a warrantless search of him without probable cause, and that Defendants Life EMS Ambulance and Kalamazoo Police Department refused to provide him with medical care, in violation of rights under the Fourteenth Amendment.  *Id.*, PageID.6.  He asserts that his Second Amendment rights were violated when the non-Defendant gun dealer refused to sell him a firearm.  *Id.*  Finally, Pound alleges that Defendants failed to protect him "during and after the assault."  *Id.*

Pounds seeks $4,500,000.00 in compensatory damages, plus unspecified punitive damages, declaratory and injunctive relief, and costs.

On October 20, 2025, Plaintiff was granted *in forma pauperis* status. (ECF No. 5.)

## II.  Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.    Analysis

As a starting point, although Pounds named the State of Michigan as a Defendant, he asserted no claims against the State of Michigan.  Even if he had asserted allegations against the State of Michigan, his claim necessarily fails. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In addition, the State of Michigan is not a "person" who may be sued under § 1983 for money damages. *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).

Accordingly, it is recommended that the Court dismiss Defendant State of Michigan from this lawsuit based on Eleventh Amendment immunity.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir.

4

2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

In his complaint, Pounds names Michigan Governor Whitmer, Michigan Attorney General Nessel, Michigan Secretary of State Benson, Michigan State Police Colonel Grady II, Kalamazoo Department of Public Safety Chief Boysen, and the Life EMS Ambulance CEO/registered agent as individual Defendants.  But he but makes no allegations against these Defendants.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the

named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."). Plaintiff fails to even mention Defendants Governor Whitmer, Attorney General Nessel, Secretary of State Benson, Michigan State Police Colonel Grady II, Kalamazoo Department of Public Safety Chief Boysen, and the Life EMS Ambulance CEO/registered agent in the body of his complaint.  Pounds does not make any allegations in his complaint that could show that each of these Defendants were involved in his alleged Second, Fourth, or Fourteenth Amendment violations.

It appears that Pounds named each of these Defendants because they may have some supervisory authority over the office or the individuals that he believes violated his rights.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d

889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts showing that any of the named individual Defendants encouraged or condoned the conduct of their subordinates, or authorized, approved or knowingly acquiesced in the conduct.  His vague and conclusory allegations are insufficient to demonstrate that Governor Whitmer, Attorney General Nessel, Secretary of State Benson, Michigan State Police Colonel Grady II, Kalamazoo Department of Public Safety Chief Boysen, and the Life EMS Ambulance

CEO/registered agent were personally involved in the allegations asserted in his complaint.  Because Plaintiff's allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), it is recommended that the Court dismiss the individual Defendants.

Finally, Plaintiff's conclusory allegations of harm fail to state a claim upon which relief may be granted.  Plaintiff asserts that a gun dealer, after conducting a background check, refused to sell him a firearm.  Plaintiff fails to allege any facts that could plausibly show that any of the Defendants violated his Second Amendment rights.  Plaintiff asserts that his Fourth Amendment rights were violated when unnamed police officers searched him in the back of the ambulance without a warrant.  Plaintiff fails to provide any factual allegations that could support a violation of the Fourth Amendment.  Plaintiff alleges that he was denied medical care, but he fails to set forth facts showing how he was injured and what type of medical care he should have received for any alleged serious injury.  Finally, Plaintiff has failed to set forth facts as to how Defendants did not protect him during and after the alleged assault.

## IV.    Recommendation

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must

be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  March 19, 2026                                     /s/ *Maarten Vermaat*
                                                           MAARTEN VERMAAT
                                                           U. S. MAGISTRATE JUDGE

9