UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN LAMOIT POUNDS,

      Plaintiff,

                                       Case No. 1:25-cv-1645

v.

                                       HON. JANE M. BECKERING

STATE OF MICHIGAN, et al.,

      Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this action in December 2025 with the filing of a Complaint against the State of Michigan and several state officials, including the governor and attorney general. On March 19, 2026, the Magistrate Judge issued a Report and Recommendation, recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B) on grounds that the Complaint is frivolous and fails to state a claim upon which relief may be granted. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 16). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Memorandum Opinion and Order.

The Magistrate Judge recommends that the Court dismiss Defendant State of Michigan from this lawsuit based on Eleventh Amendment immunity (R&R, ECF No. 15 at PageID.56). Regarding Defendants Michigan Governor Whitmer, Michigan Attorney General Nessel,

Michigan Secretary of State Benson, Michigan State Police Colonel Grady II, Kalamazoo Department of Public Safety Chief Boysen, and the Life EMS Ambulance CEO/registered agent, the Magistrate Judge recommends that these individual Defendants likewise be dismissed because Plaintiff does not make any allegations in his Complaint demonstrating how each Defendant was involved in his alleged Second, Fourth, or Fourteenth Amendment violations (*id.* at PageID.56–59).  Indeed, the Magistrate Judge indicates that Plaintiff fails to even mention them by name in the body of his Complaint (*id.* at PageID.58).  Last, the Magistrate Judge determines that Plaintiff's conclusory allegations of harm fail to state a claim upon which relief may be granted (*id.* at PageID.60).

In his objections, Plaintiff argues that the Magistrate Judge "overlooked" material factual allegations that support his claims (Pl. Obj., ECF No. 16 at PageID.62–64).  Alternatively, Plaintiff requests leave to amend his Complaint to "provide additional facts, clarify the roles of Defendants, and properly structure the claims" (*id.* at PageID.64–65).

Plaintiff's objections, including his request for leave to amend, are denied.

Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to require dismissal of those suits that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B) (screening provision within the *in forma pauperis* statute); 28 U.S.C. § 1915A (screening of complaints filed by prisoners seeking redress from a governmental entity or its officers or employees).  The Sixth Circuit has clearly held that district courts may not permit plaintiffs to amend a complaint to avoid dismissal pursuant to these provisions. *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).  *See also Moniz v. Hines*,

92 F. App'x 208, 212 (6th Cir. 2004) ("[A]s both its spirit and structure make clear, § 1915 does not afford a district court discretion to permit a plaintiff to amend his complaint after its dismissal under § 1915(e)(2).").

As the Magistrate Judge described, Plaintiff's pleading is frivolous and falls far short of the minimal pleading standards of Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Even if Plaintiff were permitted to amend his Complaint to avoid dismissal under § 1915, his request to amend is properly denied where he has not adequately elucidated the proposed grounds for amendment for this Court's review.  *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006).  While the allegations within a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se litigants must satisfy basic pleading requirements to invoke federal jurisdiction, *Wells v. Brown*, 891 F.2d 591, 593–94 (6th Cir. 1989).  "[H]anging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

In sum, the objections are denied, and the Report and Recommendation will be approved and adopted as the Opinion of the Court.  Additionally, a Judgment will be entered.  *See* Fed. R. Civ. P. 58.  For the above reasons and because this action was filed *in forma pauperis,* this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 16) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 15) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  April 21, 2026                                      /s/ Jane M. Beckering
                                                                    JANE M. BECKERING
                                                                    United States District Judge